IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


TIMOTHY L. BELLAMY,
      Petitioner,

vs.                                Case No.: 4:05cv182/MMP/EMT

WALTER A. McNEIL,
      Respondent.
_____/

## SUPPLEMENT TO REPORT AND RECOMMENDATION

On March 14, 2008, the undersigned issued a Report and Recommendation (R and R) recommending that Petitioner's petition for writ of habeas corpus be granted (Doc. 29). Five days later, on March 19, 2008, the Supreme Court issued a decision in Snyder v. Louisiana, 128 S. Ct. 1203 (2008), which is supportive of the conclusions in the R and R. In pertinent part, the Court held that the trial court committed clear error in its ruling on a Batson objection.[1] The Court reiterated the principle that the "'[T]he Constitution forbids striking even a single prospective juror for a discriminatory purpose.'" Id. at 1208 (quoting United States v. Vasquez-Lopez, 22 F.3d 900, 902 (9th Cir. 1994)). The Court then noted that "the explanation given for the strike of Mr. Brooks [a black juror] is by itself unconvincing and suffices for the determination that there was Batson error." Id. Similarly, the undersigned concluded in the R and R that the explanation given by the prosecutor for striking Juror Blow was unconvincing, and her strike alone, without even considering the other questionable strikes, warrants granting Petitioner relief (see Doc. 29 at 52–58). Thus, the undersigned hereby supplements the original R and R with additional authority, Snyder v. Louisiana, 128 S. Ct. 1203 (2008).

Moreover, the original R and R, sixty-four (64) pages in length, went through numerous revisions before it was finally issued on March 14. Through inadvertence, a portion of the R and R was deleted that should have been included. Specifically, as support for recommending relief in

---

[1] Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

the form of a new trial for Petitioner, as opposed to a new appeal, the R and R should have included a reference to <u>Eagle v. Linahan</u>, 279 F.3d 926 (11th Cir. 2001), a case in which the Eleventh Circuit determined that appellate counsel rendered ineffective assistance of counsel by not raising a <u>Batson</u> claim on appeal.  In pertinent part, the court noted:

> It is clear that Eagle's <u>Batson</u> claim would have succeeded on appeal . . . . Eagle was [therefore] denied the effective assistance of counsel on appeal, in violation of the Sixth and Fourteenth Amendments, and is entitled to habeas corpus relief.  We therefore REVERSE the district court's judgment and REMAND the case with instructions to issue a writ of habeas corpus conditioned on the State's right to provide Eagle a new trial within a reasonable period of time.

<u>Eagle</u>, 279 F.3d at 943–44.

Here, the court conducted a de novo review of Petitioner's <u>Batson</u> claim and determined that he had has established a violation of his right to the effective assistance of appellate counsel guaranteed by the Sixth and Fourteenth Amendments (*see* Doc. 29 at 63).  Thus, like in <u>Eagle</u>, the undersigned effectively found that Petitioner's <u>Batson</u> claim would have succeeded on appeal had it been raised.[2]  Although the trial transcript in <u>Eagle</u> contained a more obvious <u>Batson</u> error than in the instant case, the facts of the instant case are similar enough to those in <u>Eagle</u> to warrant the same recommendation for a new trial versus a new appeal.

Respectfully submitted this 2nd day of April 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

  **Objections to this supplemental R and R may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2]Although the First DCA denied Petitioner's ineffective assistance of appellate counsel claim, this court concluded that the decision was an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (*see* Doc. 29 at 63).  It would be counter-productive to send this case back to the First DCA, given the conclusions this court has made upon de novo review of the claim.