IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


TIMOTHY L BELLAMY,

    Petitioner,

v.                                                CASE NO. 4:05-cv-00182-MP-EMT

JAMES V CROSBY,
JAMES R MCDONOUGH,
WALTER A MCNEIL,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 29, Report and Recommendation of the Magistrate Judge, recommending that the petition for habeas corpus be granted in part in this case. The Petitioner, a black male, challenges his conviction for a violent home invasion robbery of two prominent whites from Jefferson County, Florida. He raised many claims, including a claim that his state appellate counsel was ineffective for failing to raise on direct appeal various Batson / Neil issues relating to the striking of all the black jurors during voir dire at his trial. The Magistrate Judge found all of the claims to be without merit or to be procedurally defaulted, except the Batson claims regarding two out of the eight black jurors on the venire. On these two claims, the Magistrate Judge recommends that the Court grant Mr. Bellamy a new trial. Mr. Bellamy did not object to the Report and Recommendation. (See doc. 34, Petitioner's Status Report and Notice). The government filed objections, doc. 31, in which it did not object to the finding of two Batson errors but in which the government recommended that the petitioner be granted a new appeal rather than a new trial.

As an initial matter, the Court agrees with all of the legal conclusions of the Magistrate

Judge.  Under Batson, the Court should follow a three step analysis in determining whether peremptory strikes reflect purposeful discrimination.  First, the defense counsel must object and raise a prima facie case of possible discrimination.  That is, counsel must establish a prima facie case by producing evidence sufficient to support the inference that the prosecutor exercised peremptory challenges on the basis of race. (by showing a pattern of rejecting all the black jurors, for instance, which happened in this case).  The burden then shifts to the State to rebut the defendant's prima facie case by offering race-neutral explanations for its challenges.  The State's proffered explanation at this stage need not be persuasive or even plausible; the issue is the facial validity of the prosecutor's explanation.  If both sides carry their burdens, it is left to the court to determine the ultimate issue, always present in a Batson challenge -- whether the defendant has proven purposeful discrimination in the manner in which peremptory challenges were exercised.  At this point, the decisive question will be whether counsel's race-neutral explanation should be believed.

The Magistrate Judge found that trial counsel did not properly preserve a Batson challenge to jurors Bassa, Scurry and Cuyler because counsel failed to object at the time of their strikes.  Also, with regard to jurors Bellamy, Roberts, and Huggins, the Magistrate Judge recommends that Petitioner has not met his burden to show that the state court's findings of the absence of purposeful discrimination were incorrect by clear and convincing evidence and that the corresponding factual determinations were objectively unreasonable in light of the record.  The Court agrees with these recommendations and the parties do not object to them.

With regard to the remaining two jurors, Juror Blow and Juror Branham, however, the Magistrate Judge recommends that appellate counsel was ineffective for failing to raise Batson

objections to their being struck.  As to Juror Blow, the Petitioner's trial counsel raised an objection, and the state responded that the juror's children had been victims of a robbery and that was why he struck the juror.  The defense responded that this was pretext because it does not explain how that would make the juror prejudiced against the government.  The Court overruled the objection and allowed the strike.

The undersigned agrees with the Magistrate Judge, however, that although the trial court determined that the reason proffered by the State for striking juror Blow was race neutral, the trial court still had a duty to make the ultimate determination —whether the defendant has proven purposeful discrimination in the manner in which peremptory challenges were exercised. Likewise, as to juror named Branham, the Petitioner also raised the appropriate objection and prima facie case and the government responded that she was struck because she worked for the Department of Corrections.  The undersigned agrees with the Magistrate Judge that the state court did not adequately address how her employment with the Department of Corrections could cause concern for the State; "in effect, she is a law enforcement officer — the type of juror normally favored by the State."  Thus, the undersigned agrees that the state court failed to make the critical ultimate determination as to purposeful discrimination that <u>Batson</u> requires.

In sum, the Court agrees with the Magistrate Judge's recommendation that the record reveals a pattern of striking black jurors, and that the trial court's factual finding was objectively unreasonable, or alternatively, failed to comport with the <u>Batson</u> jurisprudence.  That is, the state court found only that the State's strikes of these jurors were race neutral, the Court did not take the final, and most important, step of determining whether the peremptory strikes were made in the absence of purposeful discrimination.  Thus, Petitioner's appellate counsel could have made

a worthy argument on appeal challenging the jury on <u>Batson</u> grounds.

Thus, the Court agrees with the Magistrate Judge that appellate counsel performed deficiently by failing to raise any issue on appeal regarding their strike.  Despite the fact that the error was ascribed to appellate counsel, the Magistrate Judge recommends that the defendant be given a new trial, rather than simply a new appeal.  In its supplement to the Report and Recommendation, the Magistrate Judge states, "the undersigned effectively found that Petitioner's <u>Batson</u> claim would have succeeded on appeal had it been raised" and therefore recommended a new trial versus a new appeal.  Also, because it was the First DCA that was found to have unreasonably applied <u>Strickland</u> in this case, the Magistrate Judge concludes that "It would be counter-productive to send this case back to the First DCA, given the conclusions this court has made upon de novo review of the claim." Doc. 31, n. 2. The government filed objections in which it did not object to the finding of two <u>Batson</u> errors but in which the government recommended that the petitioner be granted a new appeal rather than a new trial.

In other words, the only issue in contention is whether a new trial or a new appeal is appropriate.  The undersigned agrees with the government that the better course is a new appeal. As the Supreme Court stated in <u>Coleman v. Thompson</u>, 501 U.S. 722,731, 111 S.Ct. 2546, 2555 (1991), "in a federal system, the States should have the first opportunity to address and correct

alleged violations of state prisoner's federal rights." Allowing the First DCA to address these Batson challenges would meet these goals of federalism and comity.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation is adopted in part and rejected in part. The writ of habeas corpus is denied in all respects except for the Batson issues regarding jurors Blow and Branham. The state shall allow Mr. Bellamy to file an appeal based on these two Batson issues and shall appoint him counsel to do so.

**DONE AND ORDERED** this _8th_ day of September, 2008

_s/Maurice M. Paul_
Maurice M. Paul, Senior District Judge